Eugene E. REDDEMANN, Appellant,

v.

MINNESOTA HIGHER EDUCATION COORDINATING BOARD, Appellee.

No. 86–5152.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1986.

Decided Feb. 19, 1987.

John M. Sands, St. Paul, Minn., for appellant.

Laura E. Mattson, St. Paul, Minn., for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

Eugene E. Reddemann appeals from a district court[1] judgment finding for defendant Minnesota Higher Education Coordinating Board. Appellant brought this action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* alleging that appellee terminated his employment because of his age. For the reasons discussed below, we affirm.

Appellant was personnel manager for appellee. Funding for the position was withdrawn by the Minnesota Legislature in 1981. Appellant continued in the position until the date of his termination on June 30, 1981. At that time he was forty-four years old. Since appellant's termination, necessary personnel functions have been performed by Arlon Harepert, then forty-four years old, and Janice Cheetham, then almost forty.

The district court found that appellant failed to carry his burden of establishing a prima facie case. The court found that no

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

discriminatory intent existed and observed that appellee lobbied the Minnesota Legislature to attempt to retain funding for the position. The court determined that the specific decision to eliminate the position of personnel manager was made at the Governor's recommendation and adopted by the Minnesota Legislature. The district court also discounted statistical evidence of the disparate impact the budget cut enacted by Minnesota in 1981 had on people protected by the Age Discrimination in Employment Act.

The district court additionally found that appellee had come forward with a non-discriminatory justification for appellant's termination that was not pretextual. The court found that appellant's termination resulted from cuts in the agency's budget. The budget cuts resulted in a four percent reduction of total state employment. The district court took note that appellant was not replaced after his departure, but rather that his responsibilities were merely distributed to other employees and that comments to appellant concerning his age indicated a concern about appellant's advancement of his career.

The findings of the district court are not to be set aside on appeal unless they are clearly erroneous. *Easley v. Anheuser-Busch, Inc.,* 758 F.2d 251, 259 (8th Cir. 1985). A careful review of the record discloses ample evidence to support the findings of the district court; they are not clearly erroneous. Therefore, we affirm the judgment of the district court.